C. Brooks Cutter (State Bar No. 121407)
John R. Parker, Jr. (State Bar No. 257761)
CUTTER LAW, P.C.
401 Watt Avenue
Sacramento, California 95864
Telephone:    (916) 448-9800
Facsimile:    (916) 669-4499

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON ALBRIGHT, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>PELOTON INTERACTIVE, INC., a Delaware corporation, and DOES 1–100,<br><br>                    Defendants. | Case No:<br><br><u>CLASS ACTION</u><br>Class Action and Representative Action Complaint for<br><br>(1)    Violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.<br>(2)    Breach of Implied Warranty of Merchantability, Song-Beverly Act Cal. Civ. Code §§ 1790, et seq.<br>(3)    Violation of Cal. Bus. & Prof. Code § 17500, et seq.<br>(4)    Unlawful Business Acts and Practices in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.<br><br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT              - 1 -

Plaintiff Shannon Albright, individually and on behalf of all others similarly situated, brings this action against Defendants PELOTON INTERACTIVE, INC. and Does 1-100 ("PELOTON"), and alleges as follows:

## NATURE OF THE ACTION

1.     This action is brought on behalf of Plaintiff individually, as representative of the common or general interest and as class representative for all others similarly situated nationwide against PELOTON to redress Defendants' violations of applicable consumer protection laws, unfair business practice laws and breaches of warranties in connection with the manufacture, marketing, sale, and failure to honor warranties of PELOTON "Tread+" treadmill (formerly known as the Tread, according the Consumer Product Safety Commission, *see* "CPSC Warns Consumers: Stop Using the Peloton Tread+" available at https://www.cpsc.gov/Newsroom/News-Releases/2021/CPSC-Warns-Consumers-Stop-Using-the-Peloton-Tread).[1]

2.     The PELOTON Tread+ machine is manufactured by PELOTON and sold by PELOTON.  It retails for $4,295 and is sold directly to consumers by PELOTON.  Consumers do not just pay the purchase price, however.  Owners of these devices must pay subscription fees on top of the purchase price to have full use of the machine.

3.     Defendants marketed the Tread+ as "Your hardest training session. Your softest road.  The shock-absorbing belt, built with 59 individual slats, adds support under every step and maximum comfort to your toughest workouts."

4.     Defendants marketed this device as one appropriate with family use, advertising the product with pictures like the one below, featuring a woman with a young girl, presumably her daughter, working out with the device, using its screen to follow along while the exercise immediately next to the machine:

---

[1] All references to Tread+ incorporate and also reference earlier Peloton treadmill models that may have been marketed under other names like "Tread".

CLASS ACTION COMPLAINT          - 2 -



Chillingly, the child featured in the picture is exactly the sort of victim that the Tread+ machine is uniquely capable of killing or maiming.

5.      The Tread+ contains significant design flaws that makes it defective, unfit for use in a home with children, and unreasonably dangerous for its intended purpose. Namely, because the design is extremely susceptible to children (and pets) getting trapped underneath the machine while it is operating.  This risk does not extend only to children using the machine without being supervised.  Parents, while using the Tread+, have had their children approach the machine, out of eyesight of the parent, and those children been trapped and injured by the Tread+ machine.  At least one child has died as a result of the Tread+, and at least several dozens more injured, and there may be hundreds or thousands of more injuries that are not currently public knowledge.

6.      As noted above, the injuries that children may suffer from the Tread+ machine can range from bruising and abrasion, to broken bones, to permanent brain injury, to death.

7.      After receiving many complaints and becoming the subject of an investigation by the Consumer Product Safety Commission ("CPSC"), the CPSC issued a direct warning to consumers: "Stop using the Peloton Tread+ if there are

1  small children or pets at home."  On April 17, after investigating the death of a

2  child and dozens of injuries, the CPSC issued this warning because there is no safe

3  and practical way to have this device in a home where there are children.

4      8.    PELOTON itself has rejected the CPSC's warning, maintaining the

5  machine is perfectly safe, in defiance of the evidence that the Tread+ is an

6  uniquely dangerous threat to children.

7      9.    As a result of the wrongful acts, omissions, and deceptive scheme of

8  Defendant, Plaintiff and consumers have been financially harmed by Defendants'

9  false and misleading advertisements, misrepresentations, and untrue statements.

10  Upon purchasing Defendants' Peloton Tread+ for the purchase price of $4,295 and

11  for the cost of ongoing subscriptions, Plaintiff understood the product to be safe for

12  use in a home with children.  Based upon the implied warranty of merchantability

13  and fitness for a particular use, Plaintiff were injured upon discovering that the

14  product posed direct health and safety risks to children.

15      10.    Plaintiff brings this action on behalf of herself and other similarly-

16  situated consumers in the United States to obtain redress for those who have

17  purchased and/or otherwise acquired a Tread+.  Plaintiff seeks certification of a

18  nationwide class under California law, and alleges violations of California

19  Consumers Legal Remedies Act, Civil Code § 1750, et seq. ("CLRA"), the Unfair

20  Competition Law, California Business and Professions Code § 17200, et seq.

21  ("UCL") and the False Advertising Law, California Business and Professions Code

22  § 17500, et seq. ("FAL"), and also breaches of the Song-Beverly Consumer

23  Warranty Act and breach of implied warranty. The bases for applying California

24  law to a nationwide class are set forth more fully herein, including the fact that, on

25  information and belief, every single Peloton Tread+ sold in the United States is

26  imported into, and distributed from, California after manufacture in Taiwan.

27      11.    Plaintiff and consumers have been financially harmed by Defendants'

28  false and misleading advertisements, misrepresentations, and untrue statements.

1  Plaintiff and class members understood the product to be safe for use in a home

2  with children. Based upon the implied warranty of merchantability and fitness for a

3  particular use, Plaintiff was injured upon discovering that the product poses direct

4  health and safety risks to children.

5  ## JURISDICTION AND VENUE

6  12.     This Court has diversity jurisdiction over this action pursuant to 28

7  U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of 2005 because (i)

8  there are 100 or more class members, (ii) there is an aggregate amount in

9  controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is

10  minimal diversity because at least one plaintiff and one defendant are citizens of

11  different states. The Court has supplemental jurisdiction over the state law claims

12  pursuant to 28 U.S.C. § 1367.

13  13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and

14  California Civil Code Section 1780(d) because Defendants do business in this

15  district and a substantial part of the events or omissions giving rise to Plaintiff's

16  claims occurred in this district.

17  ## PARTIES

18  14.     Plaintiff  SHANNON ALBRIGHT is citizen of Rocklin, California,

19  and the United States of America.  In or about September, 2020 Plaintiff purchased

20  the Peloton Tred+ and paid its full purchase price of approximately $4,295.00 plus

21  taxes based on the belief that it did pose a danger to children.  The device was

22  delivered on November 11, 2020.  On or about April 19, 2021 Plaintiff learned of

23  the CPSC warning about the Peloton Tread+ and the unique and serious danger it

24  presents to children.

25  15.     Defendant PELOTON INTERACTIVE, INC., is, upon information

26  and belief, a corporation organized and existing under the laws of the State of

27  Delaware and having its principal place of business at 125 West 25th Street, New

28  York, NY 10001.

CLASS ACTION COMPLAINT            - 5 -

## SUBSTANTIVE ALLEGATIONS

16.    According to the Consumer Product Safety Commission's investigation of the Peloton Tread+'s threat to children, "To date, CPSC is aware of 39 incidents including one death. CPSC staff believes the Peloton Tread+ poses serious risks to children for abrasions, fractures, and death. In light of multiple reports of children becoming entrapped, pinned, and pulled under the rear roller of the product, CPSC urges consumers with children at home to stop using the product immediately." The device also presents a threat of injury to domestic pets.

17.    Because at least one incident happened when a parent was using the Tread+, the CPSC has also observed that the threat the machine presents to children cannot be mitigated by simply locking the device when it is not in use.

18.    Plaintiff and class members should be provided with either a refund or replacement with a device that is not nearly as dangerous to children and pets.

19.    PELOTON has known, or should have known, of the defective nature of its Tread+ product and has nevertheless sold and marketed the device as safe and appropriate for use by families in the home, even though its design makes it inherently and uniquely dangerous to children.  The dangerous design defects of the machine include, without limitation, its light weight, the fact that the tread is exposed not just on the top but the bottom of the machine, the expansive clearance between the floor and the exposed tread, the lack of sensors to detect a child or pet who may be trapped and dragged under the machine, and an appropriate and effective shut-off mechanism.  All of these defects contribute to the machine's extremely dangerous propensity to injury children and pets.

20.    PELOTON, however, has defied the CPSC's warning, and claims that its device is safe despite overwhelming evidence to the contrary, issuing a press release in response to the CPSC's April 17, 2021 warning, claiming that the warnings on the device itself were sufficient and essentially blaming a child's death and dozens of injuries to children, including brain damage, on parents, rather

than take responsibility for the injuries caused by the PELOTON Tread+'s defective design.

## CALIFORNIA LAW

21.     Application of California law to all class members' claims is appropriate.

22.     As noted above, the Tread+ is manufactured in Taiwan and, on information and belief, imported into California. Thus, on information and belief, every Tread+ sold in the United States is distributed from a central warehouse located in California.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this lawsuit, both individually and as a class action, on behalf of similarly situated consumers, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3).

24.     Plaintiff asserts a nationwide class under California law consisting of:

> All persons in the United States who acquired a Peloton Tread or Tread+ ("Nationwide Class").

25.     Plaintiff asserts in the alternative, or as a subclass:

> All persons in California who acquired a Peloton Tread or Tread+ ("California Class")

26.     Excluded from the proposed Classes are the Court, all Court personnel involved in the handling of this case, Defendants, their respective officers, directors and employees, and any entity that has a controlling interest in PELOTON. Any claims for personal injury are expressly excluded from this action.

27.     Plaintiff reserves the right to amend the class definition as further investigation and discovery require.

28.     **Numerosity:** Upon information and belief, the Classes comprise hundreds of thousands of consumers throughout the United States and California

and are so numerous that the joinder of all members of the Classes is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, the identity of Class members is readily determinable.

29. **Common Questions of Law and Fact Predominate:** There are questions of law and fact common to the Class, which predominate over any individual issues, including:

a. Whether Defendants knew or should have known that the Tread+'s design had a propensity to result in the injuries to children and pets;

b. Whether Defendants misrepresented that the Tread+ was safe to use in a home with children;

c. Whether Defendants owed a duty to disclose material facts when it marketed, advertised and promoted the Tread+;

d. Whether Defendants charged consumers a premium price for the Tread+ based on Defendants' misrepresentation of this product as safe for use in homes with children;

e. Whether Defendants breached their express and implied warranties in failing to provide product replacements or product refunds to consumers;

f. Whether Defendants' conduct as alleged herein violates applicable laws;

g. Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

h. Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

30.    **Typicality:** Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff and all members of the Classes have been similarly affected by Defendants' common course of conduct.

31.    **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interest of the Classes. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes.

32.    **Superiority of Class Action:** A class is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Individual members of the Class do not have significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Defendants have acted or refused to act on grounds generally applicable to the Classes and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

33.    Certification of the Class under the laws of California is appropriate because:

a.    PELOTON is a corporation conducting substantial business in and from California;

b.    Considerations regarding the design, manufacture and marketing of the Tread+ are made in California;

c.    All of the Tread+ devices in the United States are distributed from California;

d.    The CLRA and other claims asserted in this Complaint on behalf of the Class may be appropriately bought on behalf of California and out-of-state Class members; and

e.    A significant number of members of the Class reside in the State of California.

34.    Unless a class is certified, as a result of its conduct, Defendants will unfairly retain monies received from Plaintiff and proposed Class members. Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled about the Tread+.

## FIRST CAUSE OF ACTION

**For Violations of the Consumers Legal Remedies Act On Behalf of the Nationwide Class and, in the alternative, California Class, Cal. Civil Code § 1750, et seq.**

35.    Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs throughout this Complaint as if fully set forth herein.

36.    Plaintiff asserts this claim for violation of the CLRA on behalf of herself and the members of the Nationwide Class and the California Class.

37.    This cause of action is brought pursuant to the CLRA. Plaintiff and the Class are consumers as defined by California Civil Code § 1761(d). The Tread+ constitutes goods within the meaning of the CLRA.

38.     Defendants violated and continue to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Tread+ to consumers:

> (5) Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

> (9) Advertising goods or services with intent not to sell them as advertised;

> (14) Representing that a transaction confers or involves rights, remedies or obligation which it does not have or involve, or which are prohibited by law; and

> (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

39.     Defendants violated the CLRA by representing that the Tread+ is safe for use in homes where there are children or pets when its design has the propensity to cause serious injuries to children and pets.

40.     Plaintiff and members of the Class reasonably relied on Defendants' representations regarding the characteristics, uses, benefits, and warranty of the Tread+ and Plaintiff and members of the Class have all been damaged and otherwise suffered injury in fact as a result of Defendants' conduct.

41.     Pursuant to Section 1782 of the CLRA, Plaintiff hereby notifies and will notify by separate correspondence Defendants in writing of the particular violations of Section 1770 of the CLRA and demand for complete relief to Plaintiff and members of the class in the form of damages and will amend this

cause of action to seek damages if Defendants fail to provide such relief within 30 days of Plaintiff sending said demand.

42.   Defendants' conduct was and is fraudulent, wanton and malicious.

43.   Plaintiff and members of the Classes will also be entitled to recover attorneys' fees and costs pursuant to Civil Code §§ 1780 and 1781.

## SECOND CAUSE OF ACTION

**Breach of Implied Warranty of Merchantability,**

**Song-Beverly Act, On Behalf of the California Class**

**Civ. Code § 1790, et seq.**

43.   Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs throughout this Complaint as if fully set forth herein.

44.   Plaintiff asserts this claim for violation of the Song-Beverly Act, Cal. Civ. Code § 1790 on behalf of herself and the members of the Nationwide and California Class.

45.   The Tread+ is a "consumer good" within the meaning of Cal. Civ. Code § 1791(a), Plaintiff and Class members are "buyers of consumer goods" within the meaning of Cal. Civ. Code § 1791(b), and Defendants are "retail seller[s]" and "manufacturer[s]" within the meanings of Cal. Civ. Code §§  1791(j) and (l).

46.   Defendants' warranty of merchantability and fitness for a particular purpose arose out of and/or was related to its manufacture and sales of the Tread+ to consumers.

47.   Defendants have failed to comply with their obligations under the implied warranties of merchantability and fitness.

48.   Plaintiff and the other Class members have suffered and will continue to suffer damages as a result of Defendants' failure to comply with their warranty obligations.  Plaintiff and the Class are, therefore, entitled to recover damages

under the Song-Beverly Act, including damages pursuant to Cal. Civ. Code §§ 1791(d) and 1974.

49.     Defendants' breaches of warranty were willful which, under the Song-Beverly Act, permits the imposition of a civil penalty in an amount not to exceed twice the amount of actual damages.

## THIRD CAUSE OF ACTION

**False and Misleading Advertising On Behalf of the Nationwide Class and, in the alternative, California Class, Violation of Cal. Bus. & Prof. Code § 17500, *et seq*.**

50.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs throughout this Complaint as if fully set forth herein.

51.     Plaintiff asserts this claim for violation of the California Business and Professions Code § 17500 on behalf of herself and the members of the Nationwide Class and the California Class.

52.     Defendants have engaged in the advertising and marketing alleged herein with an intent to directly or indirectly induce consumers' purchases of the Tread+.

53.     Defendants' representations regarding the characteristic, uses and benefits of the Tread+ for use by families with children were false, misleading and deceptive.

54.     The false and misleading representations were intended to, and did, deceive reasonable consumers, including Plaintiff.

55.     The false and misleading misrepresentations were material to Plaintiff and the Class members in connection with their respective decisions to purchase and/or acquire the Tread+.

56.     Plaintiff and the other Class members relied on the false and misleading representations, which played a substantial part in influencing their

1   decision to purchase and/or acquire the Tread+.

2       57.     At the time it made and disseminated the representations alleged

3   herein, Defendants knew, or should have known, that the statements were untrue

4   or misleading, and acted in violation of California Business and Professions

5   Code § 17500, et seq.

6       58.     Plaintiff, on behalf of herself and on behalf of the   nationwide

7   Class and the California Class, seek restitution, disgorgement, injunctive relief,

8   and all other relief allowable under § 17500, et seq.

9                        **FOURTH CAUSE OF ACTION**

10      59.     Plaintiff realleges and incorporates by reference the allegations

11  contained in the paragraphs throughout this Complaint as if fully set forth herein.

12      60.     Plaintiff asserts this claim for violation of California Business and

13  Professions Code § 17200 on behalf of herself and the members of the

14  Nationwide Class and the California Class.

15      61.     California Business and Professions Code § 17200 prohibits any

16  "unfair, deceptive, untrue or misleading advertising." For the reasons discussed

17  above, Defendant has engaged in unfair, deceptive, untrue and misleading

18  advertising, in violation of California Business & Professions Code § 17200.

19      62.     California Business & Professions Code § 17200 also prohibits any

20  "unlawful . . . business act or practice." Defendant has violated § 17200's

21  prohibition against engaging in unlawful acts and practices by, inter alia, making

22  the representations and omissions of material facts, as set forth more fully herein,

23  and violating California Civil Code §§ 1572-1573, 1709, 1710, 1711, 1750, 1790

24  1770, Business & Professions Code § 17200, et seq.; and the common law.

25      63.     Plaintiff and the Class reserve the right to allege other violations of

26  law which constitute additional unlawful business acts or practices. Such

27  conduct is ongoing and continues to this date.

28

CLASS ACTION COMPLAINT            - 14 -

64.     Defendants' acts, omissions, misrepresentations, practices, nondisclosures, as alleged herein, also constitute "unfair" business acts and practices within the meaning of California Business & Professions Code § 17200, et seq., in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

65.     As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California resulting in harm to consumers. Plaintiff asserts violations of public policy, engaging in false and misleading advertising, unfair competition and deceptive conduct toward consumers.  This conduct constitutes violations of the unlawful, fraudulent and unfair prongs of the UCL.

66.     There were reasonably available alternatives to further Defendants' legitimate business interests other than the conduct described herein.

67.     Defendants' conduct caused and continues to cause substantial injury to Plaintiff and other Class members. Plaintiff has suffered injury in fact by, inter alia, losing money as a result of Defendants' conduct.

68.     Defendants' claims, nondisclosures and misleading statements, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of California Business & Professions Code § 17200.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for relief and judgment as follows:

1.     For preliminary and permanent injunctive relief enjoining Defendants, its agents, servants and employees, and all persons acting in concert with it, from engaging

in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.    For certification of the putative Class and appointment of Plaintiff as representative of the Class and her counsel as Class counsel;

3.    For declaratory or injunctive relief requiring Defendants to comply with the terms of its express warranty, and requiring notice of the availability of refunds and/or replacements pursuant to the terms of the warranty;

4.    For restitution and disgorgement of all monies of property wrongfully obtained by Defendants by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

5.    For an accounting by Defendants for any and all profits derived by Defendants from its herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

6.    For an award of statutory damages according to proof;

7.    For an award of general damages according to proof;

8.    For an award of special damages according to proof;

9.    For exemplary damages;

CLASS ACTION COMPLAINT              - 16 -

10.    For an Order requiring Defendants to cease and desist from
engaging in the wrongful conduct alleged herein and to engage in a corrective notice campaign; and requiring Defendants to refund to Plaintiff and all Class members the funds paid for the Tread+ and any related subscription charges;

11.    For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure § 1021.5, the CLRA, the Song Beverly Act, and the common law private attorney general doctrine;

12.    For costs of suit;

13.    For statutory pre-judgment and post-judgment interest on any amounts; and

14.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

DATED:  April 20, 2021          CUTTER LAW, P.C.


By:   /s/ John R. Parker, Jr.
          John R. Parker, Jr.
          Email: jparker@cutterlaw.com
          C. Brooks Cutter
          Email:  bcutter@kcrlegal.com
          401 Watt Avenue
          Sacramento, California 95864
          Tel.:  (916) 448-9800
          Fax:  (916) 669-4499

## DECLARATION OF JOHN R. PARKER, JR.
## <u>PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)</u>

I, John R. Parker, Jr., declare as follows:

1.      I submit this declaration pursuant to section 1780 (d) of the California Consumers Legal Remedies Act.  I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

2.      Defendant PELOTON INTERACTIVE, INC., is doing business in the Northern District of California.

3.      This action was commenced the United States District Court for the Northern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on April 20, 2021 in Sacramento, California.


*/s/ John R. Parker, Jr.*
John R. Parker, Jr.